IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       **Plaintiff/Respondent,**

v.                              **No. CIV 08-0569 JC/LAM**
                                       **CR 03-00847 JC**

**Steve Madrid,**

       **Defendant/Movant.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant Steve Madrid's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (hereinafter "***Motion***")[2] *(Doc. 1)*, filed on June 12, 2008. In support of the *Motion*, Defendant/Movant also filed a *Memorandum of Law in Support of Madrid's Petition to Vacate, Set Aside or Correct Sentence Under Section 2255* (hereinafter "***Memorandum in Support***") *(Doc. 2)*, on June 12, 2008. In response to the *Motion*, Plaintiff/Respondent filed *United States' Response to Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence* (hereinafter "***Response***") *(Doc. 12)*, on September 22, 2008. Mr. Madrid did not file a reply to the United States' response.

---

[1]**Within ten (10) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

[2]Unless otherwise noted, all referenced documents are from Case No. CIV-08-0569.

Senior United States District Judge John Edwards Conway referred the claims raised in the ***Motion*** to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary.[3]  Having considered the parties' submissions, relevant law, and the record in this case and in Mr. Madrid's underlying criminal case contained in Case No. CR-03-00847, the undersigned recommends, for the reasons set forth below, that the claims raised in Mr. Madrid's ***Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1)*** be **DENIED** and that Case No. CIV-08-0569 be **DISMISSED with prejudice**.

### Factual and Procedural Background

On December 3, 2003, a grand jury returned a six-count second superseding indictment in the underlying criminal case charging Defendant/Movant Steve Madrid with conspiracy to "[p]ossess[] with the intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of [m]ethamphetamine" (*see* Count 1); distribution of 50 grams and more of methamphetamine (*see* Counts 2, 4, and 5); brandishing a firearm during and in relation to a drug trafficking offense (*see* Count 3); and possession of a firearm in furtherance of a drug trafficking offense (*see* Count 6).[4]  Co-defendant Jose Manuel Madrid, Jr., was also charged with conspiracy in Count 1.[5]  A three-day jury trial was held on February 23-25, 2004.[6]  On February 25, 2004, the jury

---

[3]*See **Order of Reference Regarding Prisoner Cases** (Doc. 10).*

[4]*See **Second Superseding Indictment** (Doc. 47), filed in Case No. CR-03-0847.*

[5]*Id.*

[6]*See **Clerk's Minutes** (Doc. 62), filed in Case No. CR-03-0847.*

found Defendant/Movant guilty of all six counts of the indictment and found Jose Madrid guilty of Count 1.[7]

United States Senior District Judge John E. Conway sentenced Defendant/Movant to 619 months of imprisonment.[8]  Defendant/Movant appealed to the Tenth Circuit Court of Appeals, which upheld his conviction and sentence.[9]

### Discussion

In his *Motion (Doc. 1)* and *Memorandum in Support (Doc. 2)*, Defendant/Movant alleges that his counsel[10] was ineffective for: (1) failing to advise him of the maximum sentence he could receive if convicted at trial;[11] (2) failing to contest whether Mr. Madrid resided at the location where the weapons were found;[12] and (3) failing to contest whether the United States properly established the location where Mr. Madrid brandished a firearm.[13]  While in his *Motion* Mr. Madrid asks the Court to "set aside Count[s] III and IV," he appears to be challenging his conviction on Counts III and VI (not IV) throughout his *Memorandum in Support*.[14]

---

[7]*See Verdict (Doc. 63)*, filed in Case No. CR-03-0847.

[8]*See Sentencing Minute Sheet (Doc. 80)* and *Judgment in a Criminal Case (Doc. 81)*, filed in Case No. CR-03-0847.

[9]*See Certified Copy of Order and Judgment (Doc. 90),* filed in Case No. CR-03-0847, and *United States v. Madrid*, Nos. 05-2088, 05-2090, 222 Fed. Appx. 721, 2007 WL 806930 (10th Cir. March 19, 2007) (unpublished).

[10]Mr. Madrid was represented by the same counsel, Kenneth del Valle, at trial and on direct appeal.  *See Response (Doc. 12-2)* at Exhibit A.

[11]*See Memorandum in  Support (Doc. 2)* at 9, 14, 18-19.

[12]*Id.* at 15-16.

[13]*Id.* at 16-17.

[14]*See Motion (Doc. 1)* at 13 and *Memorandum in Support (Doc. 2)* at 9, 15-16, 19-21.

To prevail on his ineffective assistance of counsel claims, Mr. Madrid must satisfy the

two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, he must

show that counsel's performance fell below an objective standard of reasonableness.

*Strickland*, 466 U.S. at 687-88.  Second, he must show that there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Id.* at 694.

### *Ineffective Assistance of Counsel for Failing to Advise Mr. Madrid of the  Maximum Sentence he Faced if Convicted at Trial*

Mr. Madrid contends that his trial attorney failed "to properly advise [him] of the maximum

sentence that he could receive."[15]  Mr. Madrid states that his counsel explained to him that if he were

convicted at trial, that "all counts would run co[n]currently except Count III, . . . [and] [t]here was

a clear understanding that according to Valle, if Madrid proceeded to trial he would recieve [sic] 121-

151 months and 7 years for Count III."[16]  Further, Mr. Madrid states that his counsel "never advised

[him] of any 25 year sentence for Count VI, much less that this count ran consecutive[ly] to all other

counts."[17]

In response, the Government states that Mr. Madrid fails to provide evidence in the record

to support this argument, and that the record instead shows that Mr. Madrid was fully advised of the

maximum sentence he faced.[18]  In addition, Mr. Madrid's counsel states in an affidavit that he advised

---

[15]*Id.* at 14.

[16]*Id.* at 9.

[17]*Id.*

[18]*See* **Response** *(Doc. 12)* at 6-10.  *See also* **Response** *(Doc. 12-2)* at Exhibit B, Transcript of Arraignment held on December 12, 2003, at 5-6.

Mr. Madrid "several times before trial . . . that he would face a sentence of at least fifty years if convicted," and that he "advised [Mr. Madrid] of the nature of the consecutive penalties he would be facing on the gun charges in connection with the drug charges he was facing."[19]

The Court finds that Mr. Madrid's claim fails because the record provides evidence that he was advised of the maximum sentence he was facing if convicted at trial.  In addition to his counsel's affidavit stating that he had advised Mr. Madrid that he would face a sentence of at least fifty years if convicted, the arraignment transcript shows that Mr. Madrid stated that he understood the maximum penalties he faced.[20]  At his arraignment, Mr. Madrid was advised of the maximum sentence he faced, including that he faced a 25-year consecutive sentence for Count VI.[21]  Thus, Mr. Madrid knew from his first appearance before the Court after the superseding indictment that he risked a more than 50-year sentence.  There is nothing in the record to indicate Mr. Madrid did not know about the maximum sentence he faced.  Moreover, even if Mr. Madrid's counsel did tell Mr. Madrid that he faced a possible sentence of only 121-151 months plus 7 years on Count III, that would not establish that his counsel's performance fell below an objective standard of reasonableness.  *See United States v.* Gordon, 4 F.3d 1567, 1570-71 (10th Cir. 1993) ("a miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel").  Finally, even if Mr. Madrid's counsel's performance were constitutionally deficient, Mr. Madrid fails to make a showing of any prejudice by his counsel's actions because he does not allege or provide any evidence that he would have pled guilty but for his

---

[19]***Response*** *(Doc. 12-2)* at Exhibit A, page 1.

[20]***Response*** *(Doc. 12-2)* at Exhibit B, Transcript of Arraignment held on December 12, 2003, at 5-6.

[21]*Id.* at 6.

counsel's failure to inform him of the maximum penalties he faced.  *See United States v. Morris*,

No. 03-3360, 106 Fed. Appx. 656, 659, 2004 WL 1598792 (10th Cir. July 19, 2004) (unpublished)

(movant's "subjective and self-serving statements are insufficient to show a reasonable probability

that, but for alleged counsel's errors, he would have pled guilty").  Thus, Mr. Madrid's claim that his

counsel was ineffective for failing to advise him of the maximum sentence he faced fails.

### *Ineffective Assistance of Counsel for Failing to Contest Mr. Madrid's Residence*

Mr. Madrid next argues that his counsel was ineffective for failing to contest whether

Mr. Madrid resided at the address where the firearm was found and failed "to argue against an earlier

alleged drug transaction that established that the possession was in furtherance of a drug trafficking

crime."[22]  Mr. Madrid states that if his counsel had objected to testimony that the residence where

the weapons were found was Mr. Madrid's, "the Tenth Circuit would have undoubtedly set aside

Count VI."[23]

The Court finds that, to the extent this claim is a challenge to Mr. Madrid's counsel's strategic

decisions, the claim fails because the failure to object to or argue this point did not result in an unfair

trial.  *See Nguyen v. Reynolds*, 131 F.3d 1340, 1349 (10th Cir. 1997) ("A strategic decision cannot

be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill chosen

that it permeates the entire trial with obvious unfairness.").  Mr. Madrid's counsel states in his

affidavit that "Madrid lived at the address in question on Anasazi Road," and that "[n]o one could

---

[22]*See **Memorandum in Support** (Doc. 2)* at 9, *see also id.* at 15-17.

[23]*Id.* at 17.  Count VI was for possession of a firearm during and in relation to a drug trafficking offense.

have said under oath that Madrid did not live at the house trailer on Anasazi Road without committing perjury."[24]

Moreover, the Court finds that Mr. Madrid fails to meet the second prong of *Strickland* for this claim because he does not show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Mr. Madrid does not show how his counsel's failure to contest the issue of his residence would have affected the result of his trial because, as the Tenth Circuit held on direct appeal, the evidence regarding Mr. Madrid's possession of the rifle "is not entirely dependent" on whether Mr. Madrid resided at the Anasazi Road residence. *See United States v. Madrid*, Nos. 05-2088, 05-2090, 222 Fed. Appx. 721, 728, 2007 WL 806930 (10th Cir. March 19, 2007) (unpublished). Instead, the Tenth Circuit explained that "[t]he government's evidence consisted of more than the mere presence of the rifle in a closet in Steve Madrid's residence," concluding "that the evidence was sufficient" to convict him on Count VI. *Id.* Therefore, Mr. Madrid's argument that his counsel was ineffective for failing to contest whether he resided at the address where the firearm was found fails.

In addition, Mr. Madrid's one sentence argument that his counsel was ineffective because he failed to contest an earlier alleged drug transaction,[25] also fails because Mr. Madrid does not state what his counsel failed to contest or how that failure was prejudicial to Mr. Madrid. *See Gamble, Simmons & Co. v. Kerr-McGee Corp.*, 175 F.3d 762, 773 n.5 (10th Cir. 1999) ("In the absence of sufficient citation to record support for a party's allegations, we decline to search for the proverbial

---

[24]***Response*** *(Doc. 12-2)* at Exhibit A.

[25]*See* ***Memorandum in Support*** *(Doc. 2)* at 9.

needle in a haystack."); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (*pro se*

litigant must allege "sufficient facts on which a recognized legal claim could be based").

### *Ineffective Assistance of Counsel for Failing to Contest Whether the United States Properly Established Location Where Mr. Madrid Brandished a Firearm*

Mr. Madrid next contends that his counsel was ineffective for failing to argue that the

government's evidence failed to establish where Mr. Madrid brandished a firearm, which Mr. Madrid

alleges resulted in his conviction under Count III (brandishing a firearm during and in relation to a

drug trafficking offense).[26]   The United States argues that Mr. Madrid does not show that his

counsel's performance was deficient or that Mr. Madrid was prejudiced because "the government

established venue for Count 3 through the testimony of John Cook," whose testimony "allow[ed] the

drug transaction to be viewed as on-going from the time of delivery of the drug until at least the effort

to collect the payment for the drug three weeks later."[27]   Mr. Madrid's counsel states in his affidavit

that "venue on the brandishing incident was irrelevant due to the fact that it was a continuing act in

a conspiracy between Cook and Madrid, . . . [and counsel] figured that the more vague the

Government's case the better the chances of acquittal."[28]

First, the Court finds that, to the extent this claim is a challenge to Mr. Madrid's counsel's

strategic decisions, the claim fails because the failure to argue this point did not result in an unfair

trial.  *See Nguyen*, 131 F.3d at 1349 ("A strategic decision cannot be the basis for a claim of

ineffective assistance unless counsel's decision is shown to be so ill chosen that it permeates the entire

---

[26]*See **Memorandum in Support** (Doc. 2)* at 9, 13, 19-20.

[27]***Response** (Doc. 12)* at 12 (quotation and citation omitted)

[28]***Response** (Doc. 12-2)* at Exhibit A, page 2.

trial with obvious unfairness.").  In addition, the Court finds that Mr. Madrid fails to meet the second prong of *Strickland* for this claim because he fails to make a showing of any prejudice from his counsel's performance on this issue.  *Strickland*, 466 U.S. at 694.  Mr. Madrid does not show prejudice because he fails to provide the Court with any evidence that, if the issue had been raised, the result of his trial would have been different.  As the Tenth Circuit held on direct appeal, Mr. Cook's testimony regarding the brandishing incident may have been sufficient evidence "to establish venue for Count III in New Mexico," and if Mr. Madrid's counsel had raised the issue of venue at trial, the trial Court would have had the discretion to correct this defect.  *See Madrid*, 222 Fed. Appx. at 732-33.  Therefore, the Court cannot find that Mr. Madrid has shown prejudice by his counsel's alleged error, and Mr. Madrid's argument that his counsel was ineffective for failing to argue this point fails.

### Conclusion

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that the claims raised in Mr. Madrid's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1)* be **DENIED** and that Case No. CIV-08-0569 be **DISMISSED with prejudice**.


_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**